**Jared Ramirez**
2620 Hawaiian Petrel Ave.
Modesto, CA 95355
Phone: (209) 606-0281
IN PRO PER



FILED
MAR 20 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMIREZ, JARED,<br><br>  Plaintiff,<br><br>vs.<br><br>MODESTO POLICE ADMINISTRATION, & ETAL (**SEE ATTACHED**).<br><br>  Defendant(s) | Case No.: 1: 18 CV 00374 LJO EPG<br><br>**COMPLAINT**<br><br>**JURY TRIAL:** ☒ YES   ☐ NO |

I.   Parties to this Complaint:

    **A.   Plaintiff:**

        Jared Ramirez

        2620 Hawaiian Petrel Ave.

        Modesto, CA 95355

        Phone: (209) 606-0281

    **B.   Defendant(s):**

        **Rick Armendariz**

        600 10th Street

        Modesto, CA 95354

COMPLAINT - 1

**Lieutenant Martha Delgado**

600 10th Street

Modesto, CA 95354

**Sergeant TJ Moffett**

600 10th Street

Modesto, CA 95354

**Chief Galen Carroll**

600 10th Street

Modesto, CA 95354

**Modesto Police Administration**

600 10th Street

Modesto, CA 95354

II. **Jurisdiction:**

    A.    Federal question

        A1.    Basis – as attached

    3.    Amount of Demand: $4,000,000.00

III. **Statement of Claim:**

    A.    As attached.

IV. **Relief:**

    A.    As attached.

V. **Certification and Closing:**

Under Federal Rule of Civil Procedure 11, by singing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an

COMPLAINT - 2

improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a no frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Dated this 20th day of March, 2018

Signature _____

Printed Name: Jared Ramirez

COMPLAINT - 3

# ATTACHMENT TO COMPLAINT

## NAMED DEFENDANTS

### Rick Armendariz

600 10th Street

Modesto, CA 95354

### Lieutenant Martha Delgado

600 10th Street

Modesto, CA 95354

### Sergeant TJ Moffett

600 10th Street

Modesto, CA 95354

### Chief Galen Carroll

600 10th Street

Modesto, CA 95354

***CASE LAW, US GOVERNEMENT CODE AND CONSTITUTIONAL/CIVIL RIGHTS VIOLATIONS COMMITTED BY MODESTO POLICE DEPARTMENT ADMINISTRATION OFFICIALS, AGAINST KRISTEN ZUIDEMA AND JARED RAMIREZ AS DISCOVERED BY LABOR ATTONEY DAVID P. CLISHAM ESQIER, BELOW:***

***CONSTITUTIONAL LAW VIOLATION(S);***

***1st Amendment*** - *Religion and Expression. Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances.*

***4th Amendment-*** *The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable search and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." The ultimate goal of this provision is to protect people right to privacy and freedom from unreasonable intrusions by the government. However, the Fourth Amendment does not guarantee protection from all searches and seizures, but only those done by the government and deemed unreasonable under the law.*

**MEMORANDUM AUTHORED BY ATTORNEY DAVID CLISHAM OUTLINING SGT. MOFFETT'S AND LT. DELGADO'S BLATANT VIOLATIONS OF ZUIDEMA AND MY CIVIL RIGHT TO PRIVACY.**

**U.S. GOVERNMENT CODE(S)/Police Officer Bill Of Right (POBAR)**

***18 U.S.C.*** *§ § 241,242*

-When one or more person's acting under color of law willfully deprives or conspires to deprive another person of any right protected by the constitution or laws of the United States by use of power given to him or her by any local, State or Federal Agency.

*Sgt. Moffett and Lt. Delgado's treatment of Zuidema was brutal and deceitful as they used many fear tactics all while under color of their authority and position. Delgado and Moffett essentially forced Zuidema to produce images depicting her face and body engaging in sexual acts with me.*

29

**3303 § (b)-(e) SEE ABOVE**
**3305 SEE ABOVE**

**Pursuant to Govt. Code Section 3309.5 a penalty up to $25,000 applies to each POBAR Violation.**

*DUE PROCESS & SKELLY RIGHTS VIOLATIONS;*

Skelly v. State Board Personnel (1975) 15 Cal.3d 194,215

Titus v. Civil Service Commission (1982) 130 Cal.App.3d 357,362-363

Williams v. County of Los Angeles (1978) 22 Cal.3d 731,737

Coleman v. Dept. of Personnel Administration (1991) 52 Cal.3d 1102,1121

Haas v. County of San Bernadino (2002) 27 Cal.4th 1017, 1023

Cleveland Board of Education v. Loudermill (1985) 470 U.S. 532, 542

Taylor v. Hayes (1974) 418 U.S. 488, 501-503

Ward v U.S. Postal Service (Fed. Cir. 2011) 634 FED CIR. 1274, 1279.

*Chief Carroll, Asst. Chief Armendariz and Captain Gundlach all knew of the previous attempted Skelly violation in Officer Wohler's case and still scheduled and allowed me to go through it.*

*SEARCH WARRANT REQUIRED for CONTENTS of PRIVATE CELL PHONE*

Riley v. California 189 L.Ed.2d 430 (2014)

Promises of confidentiality made to Zuidema regarding the release of the texts photographs, were not held up by IA investigators. In Fact the opposite occurred they used those photos as their "evidence" and subsequently made numerous copies. Once the investigation was complete numerous copies of our private content were given to all officers involved, and for all MPD command staff, City officials and all the involved attorney offices and staff to review or make more if they see fit.

*SEE EXIBIT F (1) For Lt. Delgado's and Sgt. Moffett's repeated attempts to download Zuidema's phone and breaking her down mentally to get what they wanted from her cell phone.*

30

### *CONCERTED ACTIVITIES VIOLATION*

Banner v. Health Systems (2015) 362 NLRB No. 137 / Sec 7, 8(a)(1)

Perez v. Los Angeles Community College District (2014) PERB Dec. No. 2404-3
-Decision re: Blanket directives not to discuss matters involving an ongoing IA was "overboard" and interfered with employees' right to engage in concerted activities.

*Chief orders not to discuss my case left me ill prepared for any legitimate defense.*

> **SEE Perez v. Los Angeles Community College District (2014) PERB Decision No. 2404.**

### *CALIFORNIA PENAL CODE VIOLATIONS*

Ca. Penal Code 13701 states; every law enforcement agency in the state shall have a Domestic Violence Policy, which includes procedures on how to investigate domestic violence once it has been alleged or discovered to have occurred between sexual dating partners.

Ca. Penal Codes 836 allows for the officers to make an arrest without a warrant for even a misdemeanor domestic violence offense as soon as probable cause arises.

The Modesto Police Department Domestic Violence Policy #320 covers the domestic violence legal mandates and procedures to handle any type of DV incident. Policy #320 encourages the arrest of the DV offender if there is sufficient probable cause.

*In this IA case against me, Sgt. TJ Moffett, Lt. Martha Delgado not only discovered domestic violence may have occurred*
*Lt. Delgado actually spoke to Zuidema about it and never followed up with me the potential victim in the incident. Lt. Delgado and Sgt. Moffett chose to ignore the law on this matter.*

### **Abridged DV definitions;**

> *CA Penal Code 273.5 defined as a physical assault/battery committed by a person(s) against a spouse or former, cohabitant or former, or any sexual/dating relations (same sex or not) resulting in or causes visible/corporal injury to the other person(s) - has a statute of limitations of 3 years.(\*does NOT require willing prosecution by victim to investigate further or make arrest)*

> *CA Penal Code 243(e)(1) defined as a physical assault/battery committed by a person(s) against a spouse or former, cohabitant or former, or any sexual/dating relations (same sex or not) that results in or causes*

31

*pain/discomfort to the other person(s) - has a statue of limitations of 1 year.(\*does NOT require willing prosecution by victim to investigate further or make arrest)*

<u>*CA Penal Code 242*</u> *defined as any physical battery from a person(s), weather visible injury or not committed against another person(s) - has a statute of limitations of 1 year (\*requires willing prosecution by victim to investigate further and make arrest)*

## *CALIFORNIA LABOR CODE VIOLATION*

Cal Lab Code 980 (a)

-As used in this chapter, "social media" means an electronic service or account, or electronic content, including, but not limited to, videos, still photographs, blogs, video blogs, podcasts, instant and text messages, email, online services or accounts, or Internet Web site profiles or locations.

## *MODESTO POLICE DEPARTMENT POLICY VIOLATIONS*

DOMESTIC VIOLENCE POLICY #320

-To provide the guidelines necessary to deter, prevent and reduce domestic violence <u>through vigorous enforcement and </u>to address domestic violence as a serious crime against society. The policy specifically addresses the commitment of this department <u>to take enforcement action when appropriate</u>, to provide assistance to victims and to guide officers in the investigation of domestic violence.

## *CITY OF MODESTO POLICY VIOLATIONS*

HR MEMO #2017-005 Policy Against Harassment, Discrimination and Retaliation

ANTI-BULLYING MEMO Personnel Rule 1.2, 1.5, Policy #2.1.3

32

October 18, 2017

Rick Armendariz
Assistant Chief of Police
City of Modesto
600 Tenth Street
Modesto, CA 95354

    RE:   Response to Notice of Termination
            Modesto Police Officer Jared Ramirez

Dear Assistant Chief Armendariz:

Following is (1) a brief review of cases describing the role of the Skelly hearing officer submitted for your consideration, (2) a brief discussion of privacy and other issues offered as a defense to the allegations supporting the proposed penalty.

<u>Skelly Rights</u>

Officer Ramirez, as a permanent employee facing recommended discipline, is entitled to a pre-termination due process Skelly hearing before a reasonably impartial, noninvolved reviewer for Petitioner to respond to the charges. *Skelly v. State Personnel Board* (1975) 15 Cal.3d 194, 215.

To be meaningful, the right to respond must afford the employee an opportunity to present his side of the controversy before a reasonably impartial and noninvolved reviewer who possesses the authority to

1

recommend a final disposition of the matter. *Titus v. Civil Service Commission* (1982) 130 Cal.App.3d 357, 362-363; *Williams v. County of Los Angeles* (1978) 22 Cal.3d 731, 737. In addition to notice, the employee facing discipline must have an opportunity to challenge the employer's factual determinations before an "impartial and disinterested" decision maker. *Coleman v. Dept. of Personnel Administration* (1991) 52 Cal.3d 1102, 1121. The Skelly hearing officer sits as a judge and shall be disqualified when a person aware of the facts might reasonably entertain a doubt that the judge would be able to be impartial. *Haas v. County of San Bernadino* (2002) 27 Cal.4th 1017, 1023. An essential principle of due process is that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case; the root requirement of the Due Process Clause is that an individual be given an opportunity for a hearing before he is deprived of any significant property interest – his job. *Cleveland Board of Education v. Loudermill* (1985) 470 U.S. 532, 542. To be impartial, the decision maker must not have a stake in the outcome or be embroiled in the facts of the dispute or be a potential witness. *Taylor v. Hayes* (1974) 418 U.S. 488, 501-503. The decision maker must not engage in ex parte communications with officials

recommending the discipline including the discussion of new and material information not included in the *Skelly* notice. *Ward v. U.S. Postal Service* (Fed.Cir. 2011) 634 Fed.Cir. 1274, 1279.

As stated herein, Officer Ramirez is entitled to a due process Skelly hearing before a reasonably impartial, noninvolved reviewer who was not previously involved in the development of the potential charges to be filed against him, was not involved in the internal affairs investigation and preparation of the conclusions, was not involved in determining the amount of discipline to be recommended. The hearing officer may also be disqualified if he or she engaged in ex parte communications with members of the staff, including the chief, and then designated to be the Skelly hearing officer, the deciding official, and thus not a reasonably impartial, noninvolved reviewer.

Use of Compelled Testimony

Fruits of an administrative investigation conducted under an order to answer questions after non-waiver of self-incrimination may not be used to charge or prove a criminal act. Officer Ramirez was specifically informed in the July 14, 2017 internal affairs interview that, "If you refuse to answer questions your silence could be deemed insubordination and result in

discipline up to and including termination. Any statement you make under compulsion or threat of such discipline is for administrative purposes only and cannot be used against you criminally." This is the Lybarger warning. Despite this admonition, Officer Ramirez is charged in the notice of proposed discipline with a crime, a violation of Calif. Penal Code §647(j)(4). This charge is a breach of the promise of immunity, totally invalid and must be removed from the charges.

### Search Warrant Required for Contents of Private Cell Phone

The MPD personnel who interviewed Ms. Zuidema obtained information from her private cell phone and did so without a warrant. The search of private cell phones and the information on private cell phones without warrant is a violation of Ms. Zuidema's and other employees' constitutional right to privacy. *Riley v. California* 189 L.Ed.2d 430 (2014), the leading United States Supreme Court case on the right to privacy involving private cell phones, requires police to obtain a warrant prior to the search of a cell phone. No warrants were sought or issued in this case. The consequence of this violation is that the Modesto Police Department may not use the information obtained without a search warrant, the fruit of the poisonous tree in support of termination. Without the cell phone

4

information, the MPD will be unable to prove that Officer Ramirez violated departmental rules in connection with his off duty conduct. Assuming the investigators used the cell phone information when they interviewed other employees and Officer Ramirez and obtained their statements, that information is also invalid. Experienced police personnel know these procedures and must be viewed as intentionally violating Miranda standards and requirements in conducting their interviews and compelling Ms. Zuidema and the employees to answer questions about private conduct.

Right to Privacy

The search of Ms. Zuidema's cell phone and, possibly, other employees' cell phones, also constitutes an invasion of her privacy, Office Ramirez' privacy and the privacy of others whose information may have been or is on their cell phones. The questions the department officers asked Ms. Zuidema about extremely private matters involving her non-work related extremely personal and private off duty activities also constituted an invasion of her privacy. She was pressured to answer questions of a personal nature. She was told she had to answer the questions. At no time was she informed that she had a choice but to be in the meeting with superior officers or that what she revealed was on a voluntary basis. She

was expressly told she was required to tell the truth on a matter that she had not initiated, on a matter she had not filed or initiated a complaint on a matter that was and is highly personal. She was under extreme emotional distress and in tears for most of the interview for fear of the consequences of revealing extremely private matters.

A privacy violation based on common law is shown by whether the defendant has intentionally intruded into a place, conversation or matter as to which a plaintiff has a reasonable expectation of privacy and whether the intrusion has occurred in a manner highly offensive to a reasonable person. The law recognizes a measure of personal control over the individual's autonomy, dignity, and serenity, whether mental anguish was sustained and whether the intrusion is highly offensive. *Hernandez v. Hillsides* (2009) 47 Cal.4th 272, 286-287. The right to privacy under the California Constitution is similar to the common law. It protects against an individual's privacy interests, including conducting personal activities without observation, intrusion, or interference as determined by established social norms. *Hernandez v. Hillsides, supra,* at 287.

There should be no question that the MPD had no right to violate Ms. Zuidema's privacy or any employee's privacy under the common law or the

6

California Constitution.

Confidentiality

The lieutenant and sergeant who interviewed Ms. Zuidema told her that the interview and information obtained was confidential, telling her, in essence, that she had a right to privacy. The promise of confidentiality guaranteed her that nobody else would have access to the information discussed, that her privacy would be protected but it was not protected because shared with several MPD employees and the command staff.

In addition to information on Ms. Zuidema's and others' cell phones that was obtained without a warrant, constituting a violation of constitutional rights of several employees, the interview of volunteer Kristen Zuidema constitutes an invasion of her privacy, involving hers and others' personal conduct and relationships. The interview was also deceitful and conducted in circumstances that any observer would conclude was extreme harassment. She spent most of the interview in tears based on the invasion of her privacy. In addition, Ms. Zuidema was informed verbally numerous times that her July 14, 2017 interview is "confidential." The lieutenant and sergeant who interviewed her breached the promise of confidentiality by using her statements as the basis of the proposed

7

termination of Officer Ramirez and proposed discipline of other officers. The lieutenant, the sergeant and other members of the command staff have had access to extremely private information about Ms. Zuidema's and others' private consensual conduct. The lieutenant and sergeant violated her privacy and could, along with the City of Modesto, be subject to liability for such common law and constitutional violations. All of her interview and information on her cell phone should be excluded from the administrative charges against Officer Ramirez. It should be noted, as stated above, that Ms. Zuidema did not and has not made a complaint in this matter. It is not alleged that any person made a complaint against Officer Ramirez. No complaint has been included in the material submitted to Officer Ramirez in support of the proposed discipline.

Concerted Activities

Employees have a right to engage in concerted activities, especially when they are a subject of proposed discipline. They have a right to assembly under the state and federal constitutions and the right to discuss union issues with fellow employees under the state bargaining law.

Under *Banner v. Health Systems* (2015) 362 NLRB No. 137, the National Labor Relations Board found that the Company violated Section

8(a)(1) (right to engage in concerted union activities) by maintaining a policy of requesting employees not to discuss ongoing investigations of employee misconduct because respondent's generalized concern was insufficient to outweigh employees' rights under Section 7 of the Act. Under *Perez v. Los Angeles Community College District* (2014) PERB Dec. No. 2404-3, the California Public Employees Relations Board held that a blanket directive not to discuss matters involving an ongoing internal affairs investigation was "overbroad" and interfered with employees' right to engage in concerted activities under Govt. Code §3543.5(a) for public school employees and §3506(a) for other California public employees.

In this case, Officer Ramirez was ordered not to discuss his interview or the investigation with any members of the police department until the disposition has been made final. By complying with the order not to discuss the events being investigated by department officials with any members of the police department, especially others who have also been charged and Ms. Zuidema, Officer Ramirez has been hampered in preparing a defense to the charges.

Facts

Officer Ramirez has been a loyal and successful member of the

Modesto Police Department for over 12 years. He has no previous discipline. He has also been active in the community, involved with his daughter's education. He is an active school volunteer serving on the Parent Teachers Association (PTA). He has been involved and involved other department employees in school safety and other important issues affecting the community. He is an excellent police officer.

The issues involved in this matter are private. Discretion was not exercised appropriately by a volunteer and by a small number of employees including Officer Ramirez. There has been a gross misunderstanding of what occurred. It has become difficult for him to respond to the charges except to deny that he engaged in any form of harassment against anybody and did not violate anybody's privacy. Any such private actions were consensual including the most serious charge which is not substantiated and has been waived by the MPD because of the way the investigation was conducted as discussed above.

Officer Ramirez will attend appropriate training if such is felt necessary. He is mortified by the circumstances and, accordingly, takes responsibility for having offended anybody by his actions. He is the sole support of his daughter and worries that loss of employment will have an

unintended adverse effect on her.

On behalf of Officer Ramirez, I request that the charges be dismissed or reduced such that he not be subject to termination.

Respectfully submitted,

_____

David P. Clisham



U.S. Department of Justice
Civil Rights Division

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL
7016 2140 0000 5580 8553

*950 Pennsylvania Avenue, N.W.*
*Karen Ferguson, EMP, PHB, Room 4701*
*Washington, DC 20530*

February 14, 2018

Mr. Jared J. Ramirez
c/o David Clisham, Esquire
Attorney at Law
582 Market Street, #603
San Francisco, CA 94104

Re: EEOC Charge Against City of Modesto, Police Dept. Administration
No. 556201800159

Dear Mr. Ramirez:

    Because you filed the above charge with the Equal Employment Opportunity Commission, and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department has determined that it will not file any lawsuit(s) based thereon within that time, and because you through your attorney have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e, et seq., against the above-named respondent.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative file pertaining to your case is located in the EEOC San Jose Local Office, San Jose, CA.

    This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

                                                             Sincerely,

                                                             John M. Gore
                                       Acting Assistant Attorney General
                                          Civil Rights Division

                                by *Karen L. Ferguson*
                                       Karen L. Ferguson
                                    Supervisory Civil Rights Analyst
                                    Employment Litigation Section

cc: San Jose Local Office, EEOC
     City of Modesto, Police Dept. Administration