**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JARED RAMIREZ,<br><br>            Plaintiff,<br><br>v.<br><br>MODESTO POLICE ADMINISTRATION, *et al.*,<br><br>            Defendants. | Case No. 1:18-cv-00374-LJO-EPG<br><br>**ORDER FOR PLAINTIFF TO:**<br><br>**(1) FILE A FIRST AMENDED COMPLAINT; OR,**<br><br>**(2) NOTIFY THE COURT THAT HE WISHES TO VOLUNTARILY DISMISS; OR**<br><br>**(3) NOTIFY THE COURT HE WISHES TO STAND ON THE COMPLAINT, SUBJECT TO FINDINGS AND RECOMMENDATIONS TO DISTRICT JUDGE CONSISTENT WITH THIS ORDER**<br><br>(ECF No. 1)<br><br>**THIRTY (30) DAY DEADLINE** |

Plaintiff, Jared Ramirez, is appearing *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on March 20, 2018, alleging claims against Modesto Police Administration; Rick Armendariz, Assistant Chief of Police; Martha Delgado, Lieutenant; T.J. Moffett, Sergeant; and Galen Carroll, Chief of Police (collectively "Defendants"). (ECF No. 1.) Plaintiff's claims relate to his employment as a police officer with the Modesto Police Department. Plaintiff's complaint is before the Court for screening.

The Court has screened Plaintiff's complaint and finds that it does not state any cognizable claims. Plaintiff may choose one of the following options: (1) file a first amended complaint; or (2) file a notice of voluntary dismissal; or (3) notify the Court that he wishes to stand on the complaint as written, in which case the undersigned will issue findings and recommendations to the assigned District Judge consistent with this order.

## I. SCREENING REQUIREMENT

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint in a case in which the plaintiff is proceeding *in forma pauperis* to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* An action is frivolous if it is "of little weight or importance: having no basis in law or fact" and malicious if it was filed with the "intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hosp. Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe *pro se* pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of *pro se* plaintiffs "must be held to less

stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that *pro se* complaints should continue to be liberally construed after *Iqbal*).

**II.     SUMMARY OF COMPLAINT**

Plaintiff alleges that Defendants violated his First Amendment right of association, and his Fourth Amendment right to privacy, as well as the right to privacy of an individual named Kristen Zuidema; and that Defendants violated 18 U.S.C. §§ 241 and 242. Plaintiff also brings various state law claims, including violations of his state due process rights, *Skelly* rights, and rights regarding internal affairs investigations; violation of California Government Code §§ 3303(b)-(e), 3305, and 3309.5; violation of the California Penal Code; violation of California Labor Code § 980(a); and violations of MPD Domestic Violence Policy #320, and City of Modesto Policy (HR Memo #2017-005 Policy Against Harassment, Discrimination, and Retaliation; and Anti-Bullying Memo Personnel Rule 1.2, 1.5, Policy #2.1.3). (ECF No. 1 at 5-9.) The facts underlying Plaintiff's claims are difficult to discern, but Plaintiff has attached to his complaint a letter addressed to Rick Armendariz, Assistant Chief of Police, from an individual named David P. Clisham, dated October 18, 2017, and designated as a "Response to Notice of Termination, Modesto Police Officer Jared Ramirez." (ECF No. 1 at 9-19.) This letter lays out facts that appear to underlie Plaintiff's claims. The Court will assume that Plaintiff is incorporating the factual allegations contained in the letter into his complaint. The letter alleges the following:

Plaintiff was a police officer and permanent employee with the Modesto Police Department ("MPD") for over 12 years. Prior to the incident underlying this action, Plaintiff had not received any discipline. (ECF No. 1 at 9, 17-18.) At some point, an internal affairs ("IA") case was initiated involving a volunteer with MPD named Kristen Zuidema, Plaintiff, and a small number of other MPD employees. (*Id.* at 18.) Plaintiff was facing recommended discipline, including potential termination, because of his conduct underlying the IA case. It is not clear what conduct was at issue in the IA case, but it appears to relate to an incident or potential incident of domestic violence. Specifically, Plaintiff alleges that in the "IA case against me, Sgt. TJ Moffett, Lt. Martha Delgado not only discovered domestic violence may have occurred, Lt. Delgado

3

actually spoke to Zuidema about it and never followed up with me the potential victim in the incident." (ECF No. 1 at 7.) It is not clear from this and other factual allegations whether Plaintiff was the perpetrator of domestic violence, the alleged victim of domestic violence, or merely a potential witness to an incident of domestic violence.

Plaintiff alleges that his conduct at issue in the IA case demonstrated "[d]iscretion was not exercised appropriately by a volunteer and by a small number of employees including [Plaintiff]," but he denies "that he engaged in any form of harassment against anybody," and denies that he violated anyone's privacy through his conduct. (*Id.* at 18.) He alleges that the IA case involved what was merely a "gross misunderstanding of what occurred." (*Id.*) Plaintiff's employment with the MPD was eventually terminated as a result of the IA case.

Plaintiff alleges that Defendants violated his and Zuidema's right to privacy by searching "Zuidema's cell phone and, possibly, other employees' cell phones"; by asking "Zuidema about extremely private matters involving her non-work related extremely personal and private off duty activities which also constituted an invasion of her privacy" and requiring and pressuring her to answer these highly personal questions; by not telling Zuidema that she "had a choice" on whether to meet with superior officers and answer their questions; and by treating Zuidema in a "brutal and deceitful" manner, using "many fear tactics all while under color of their authority and position" as officers, and "essentially forc[ing] Zuidema to produce images depicting her face and body engaging in sexual acts with me." (ECF No. 1 at 5, 12-14.)

Plaintiff also alleges that MPD personnel who interviewed Zuidema "obtained information from her private cell phone and did so without a warrant. The search of private cell phones and the information on private cell phones without warrant is a violation of Ms. Zuidema's and other employees' constitutional right to privacy." (ECF No. 1 at 12.) "Without the cell phone information, the MPD will be unable to prove that [Plaintiff] violated departmental rules in connection with his off duty conduct." (*Id.* at 12-13.) "Assuming the investigators used the cell phone information when they interviewed other employees and [Plaintiff] and obtained their statements, that information is also invalid." (*Id.* at 13.) "Experienced police personnel know these procedures and must be viewed as intentionally violating Miranda standards and

4

requirements in conducting their interviews and compelling Ms. Zuidema and the employees to answer questions about private conduct." (*Id.*)

Plaintiff also alleges that he was interviewed during the IA case and during that interview he was told, "'If you refuse to answer questions your silence could be deemed insubordination and result in discipline up to and including termination. Any statement you make under compulsion or threat of such discipline is for administrative purposes only and cannot be used against you criminally.'" (ECF No. 1 at 11-12.) "Despite the admonition," Plaintiff was charged with a crime, violation of Cal. Penal Code § 647(j)(4). Charging Plaintiff with the crime breached "the promise of immunity, totally invalid and must be removed from the charges." (*Id.* at 12.)

## III. EVALUATION OF PLAINTIFF'S COMPLAINT

The Civil Rights Act, under which this action was filed, provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (citation omitted).

To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. *Long v. Cty. of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh v. Cty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler II v. Clark Cty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should

know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183 (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008).

Additionally, a plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, a plaintiff must allege facts demonstrating, or from which an inference can be drawn, that there is an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 695 (1978).

### A. Supervisor Liability

Supervisor liability can be imposed under § 1983 only if the supervisor "was personally involved in the constitutional deprivation or a sufficient causal connection exists between the supervisor's unlawful conduct and the constitutional violation." *Edgerly v. City & Cty. of San Francisco*, 599 F.3d 946, 961 (9th Cir. 2010) (citations and internal quotation marks omitted). Under this standard, a supervisor "'can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others.'" *Id.* (quoting *Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir. 2000)).

Plaintiff appears to be claiming Defendant Galen Carroll, whom Plaintiff identifies as the Chief of MPD, is liable based on his capacity as a supervisor of other individuals. However, Plaintiff has failed to allege facts showing Defendant Carroll's unlawful conduct, let alone a causal connection between that unlawful conduct and any alleged constitutional violation Plaintiff is claiming. Plaintiff has accordingly failed to state a claim for relief based on supervisor liability against Defendant Carroll and the claim must be dismissed.

### B. Municipal Liability

"Municipalities and other local governmental units are 'persons' subject to suit under

§ 1983, but to prevail on a claim against a municipal entity for a constitutional violation . . . a plaintiff must show that an official's action that caused the plaintiff's injury was pursuant to official municipal policy of some nature." *Kirkpatrick v. Cty. of Washoe*, 843 F.3d 784, 788, 793 (9th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978)) (internal quotation marks omitted). "To do so, a plaintiff must go beyond the *respondeat superior* theory of liability and demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit." *Id.* (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011)).

Here, Plaintiff does not allege any facts demonstrating that an official's action that caused Plaintiff injury was taken pursuant to an official policy of the Modesto Police Administration. Accordingly, Plaintiff has failed to state a claim for relief against Modesto Police Administration and his claims against this defendant must be dismissed.

**C. First Amendment Right of Association**

The First Amendment guarantees the right to associate for the purpose of engaging in activities protected by the First Amendment, such as speech, assembly, petition for the redress of grievances, and the exercise of religion. *IDK, Inc. v. County of Clark*, 836 F.2d 1185, 1191-92 (9th Cir. 1988). The freedom of expressive association permits groups to engage in the same activities that individuals can freely pursue under the First Amendment. *Id.* at 1193. The right of association extends to individuals involved in an intimate relationship, and "protects those relationships, including family relationships, that presuppose 'deep attachments and commitments to the necessarily few other individuals with whom one shares not only a special community of beliefs but also distinctly personal aspects of one's life.'" *Bd. of Directors of Rotary Int'l v. Rotary Club of Duarte*, 481 U.S. 537, 545–46 (1987) (citation omitted).

Plaintiff appears to be alleging that Defendants violated his right of association by interfering with, and/or punishing him because of, his intimate relationship with Zuidema. Plaintiff also appears to be alleging that Defendants violated his right of association by prohibiting him from discussing his IA interview or the IA investigation with other members of the MPD until after the disposition of the IA case was final. Plaintiff does not, however, allege

what specific Defendant(s) engaged in what specific conduct that violated his right of association. Accordingly, the complaint fails to state a claim for relief for violation of Plaintiff's right of association, and his First Amendment claims must be dismissed.

**D. Fourth Amendment Right to Privacy**

The Fourth Amendment guarantees "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. art IV. "The applicability of the Fourth Amendment turns on whether 'the person invoking its protection can claim a 'justifiable,' a 'reasonable,' or a 'legitimate expectation of privacy that has been invaded by government action.'" *Hudson v. Palmer*, 468 U.S. 517, 524 (1984).

Plaintiff alleges that Defendants violated his and Zuidema's right to privacy by searching "Zuidema's cell phone and, possibly, other employees' cell phones"; by asking "Zuidema about extremely private matters involving her non-work related extremely personal and private off duty activities which also constituted an invasion of her privacy" and requiring and pressuring her to answer these highly personal questions; by not telling Zuidema that she "had a choice" on whether to meet with superior officers or on whether to answer questions; by treating Zuidema in a "brutal and deceitful" manner, using "many fear tactics all while under color of their authority and position" as officers; by making "repeated attempts to download Zuidema's phone and breaking her down mentally to get what they wanted from her cell phone"; and "essentially forc[ing] Zuidema to produce images depicting her face and body engaging in sexual acts with me." (ECF No. 1 at 5, 6, 13-14.)

Plaintiff lacks standing to bring claims based on alleged violations of Zuidema's or any other third party's right to privacy. *See* Fed. R. Civ. P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest."); *Barrows v. Jackson*, 346 U.S. 249, 255 (1953) ("Ordinarily, one may not claim standing in this Court to vindicate the constitutional rights of some third party."); *Powers v. Ohio*, 499 U.S. 400, 410 (1991) ("In the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties."); *United States v. Stringer*, 739 F.3d 391, 396 (8th Cir. 2014) ("He lacks standing to challenge the search of the Samsung cell phone belonging to G.R. . . . The

Fourth Amendment protects the people against unreasonable searches of 'their' effects . . . ."). Accordingly, the portions of Plaintiff's complaint that seek to assert violations of Zuidema's or another third party's rights must be dismissed.

The only factual allegation that comes close to alleging a violation of *Plaintiff's* right to privacy is the allegation that Defendants Moffett and Delgado "essentially forced Zuidema to produce images depicting her face and body engaging in sexual acts with me." However, this allegation is still insufficient because Plaintiff does not have a reasonable expectation of privacy in images of himself contained on Zuidema's cell phone. *See Presley v. United States*, 895 F.3d 1284, 1291 (11th Cir. 2018) ("a party lacks a reasonable expectation of privacy under the Fourth Amendment in information "revealed to a third party and conveyed by [that third party] to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed") (citing *United States v. Miller*, 425 U.S. 435, 443 (1976)).

The complaint fails to state a claim for relief under the Fourth Amendment. Accordingly, Plaintiff Fourth Amendment claims must be dismissed.

### E. 18 U.S.C. §§ 241 and 242

Plaintiff appears to allege that Defendants also violated 18 U.S.C. §§ 241 and 242. Sections 241 and 242 "are criminal statutes that do not give rise to civil liability." *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Accordingly, Plaintiff's claim that Defendants violated these statutes must be dismissed.

### F. State Law Claims

Under the California Tort Claims Act ("CTCA"), a party seeking to recover money damages from a public entity or its employees must submit a timely claim to the entity before filing suit in court. *See* Cal. Gov't Code §§ 905, 911.2, 945.4, and 950.2. Timely presentation of claims subject to the CTCA is not merely a procedural requirement but is an element of the plaintiff's cause of action. *Shirk v. Vista Unified School District*, 64 Cal.Rptr.3d 210, 216 (2007). A plaintiff may bring its action against a public entity and its employees only after the entity has acted upon or is deemed to have rejected the plaintiff's claims. *See id*; *see also Mangold v.*

*California Public Utilities Commission*, 67 F.3d 1470, 1477 (9th Cir. 1995) ("The California Tort Claims Act requires, as a condition precedent to suit against a public entity, the timely presentation of a written claim and the rejection of the claim in whole or in part.").

A plaintiff asserting a claim that is subject to the CTCA must affirmatively allege in his complaint that he complied with the CTCA's claims presentation procedure or circumstances excusing such compliance. *See Shirk*, 64 Cal. Rptr. 3d at 216; *State of California v. Superior Court (Bodde)*, 13 Cal. Rptr. 3d 534, 541 (2004) (plaintiff must allege facts "demonstrating or excusing compliance with the claim presentation requirement"). Compliance with the CTCA "is mandatory and failure to file a claim is fatal to the cause of action." *City of San Jose v. Superior Court*, 115 Cal. Rptr. 797, 802 (1974) (internal citation omitted). The requirement to affirmatively allege facts demonstrating or excusing compliance with the CTCA's claims presentation requirement applies in federal court. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988).

Here, Plaintiff is asserting various state law claims seeking to recover money damages from a public entity (Modesto Police Administration) and public employees. Plaintiff has not alleged facts demonstrating that he complied with, or excusing his compliance with, the CTCA claims presentation requirement for these state law claims. Accordingly, Plaintiff has failed to state a claim for relief in relation to his state law claims, and his state law claims must be dismissed. *See id.* (affirming dismissal of state law claims for failure of the plaintiff to allege compliance with California's tort claim procedures).[1]

## IV. CONCLUSION AND ORDER

The complaint fails to state any cognizable claims upon which relief may be granted. Under Rule 15(a) of the Federal Rules of Civil Procedure, "leave to amend shall be freely given when justice so requires." Accordingly, the Court will grant Plaintiff the opportunity to file an

---

[1] Plaintiff also alleges that he has been notified that he has been charged with a crime, that "[t]]his charge is a breach of the promise of immunity" he received from Defendants, and that the criminal charge is "totally invalid." (ECF No. 1 at 12.) To the extent Plaintiff's claims overlap with pending criminal proceedings, the claims may be subject to dismissal or abstention on that basis. Given the limited information before the Court regarding any pending criminal proceedings, the Court declines to decide whether such criminal proceedings would affect Plaintiff's ability to pursue his claims.

amended complaint curing the deficiencies identified above. *See Lopez v. Smith*, 203 F.3d 1122, 1126-30 (9th Cir. 2000). If Plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. *See* Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, Plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, the undersigned will issue findings and recommendations to dismiss the complaint without leave to amend, Plaintiff will have an opportunity to object, and the matter will be decided by a District Judge. No further opportunity to amend will be given by the undersigned.

If Plaintiff elects to amend his complaint, he must file an amended complaint within thirty days.[2] The amended complaint must state what each person did or did not do that caused the alleged violation of Plaintiff's constitutional rights. Thus, although Plaintiff's amended complaint should be brief, *see* Fed. R. Civ. P. 8(a), it must state what each defendant did that led to the deprivation of Plaintiff's constitutional rights. *Iqbal*, 556 U.S. at 678-79. In other words, each claim and the involvement of each defendant must be sufficiently alleged. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseding pleading." Local Rule 220. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of

---

[2] Plaintiff may wish to refer to the U.S. District Court for the Eastern District of California website, which has forms for *pro se* litigants. *See* http://www.caed.uscourts.gov/caednew/index.cfm/cmecf-e-filing/representing-yourself-pro-se-litigant/.

perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

    (i) File a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim; or

    (ii) File a notice of voluntary dismissal; or

    (iii) File a notice of election to stand on the complaint, subject to this Court issuing findings and recommendations to the assigned District Judge recommending that the case be dismissed for failure to state a claim.

2. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:18-cv-00374-LJO-EPG.

3. If Plaintiff fails to file, within thirty (30) days from the date of service of this order, either an amended complaint, a notice of voluntary dismissal, or a notice of election to stand on the complaint, the Court will issue findings and recommendations to the assigned District Judge recommending that the case be dismissed for failure to state a claim and failure to comply with a Court order.

IT IS SO ORDERED.

Dated: __**September 26, 2018**__         /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE